UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-23916-CIV-MOORE

GEREMIAS GARCIA MEDRANO,
and others similarly-situated,

      Plaintiffs,

vs.

MI COLOMBIA BAKERY, INC., et al.

      Defendants.
_____/

## PLAINTIFF'S VERIFIED MOTION FOR AWARD OF ATTORNEYS' FEES OF LITIGATION

COMES NOW Plaintiff, GEREMIAS GARCIA MEDRANO, by and through his undersigned attorney, and pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act and Local Rule of Civil Procedure 7.3, hereby moves for an award of attorneys' fees of litigation, and as grounds alleges:

### I. ENTITLEMENT TO AWARD ATTORNEYS' FEES

**A. Fees pursuant to 29 U.S.C. § 216(b)**

In this action, the Plaintiff sought to recover overtime and minimum wages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, et seq., and Florida Minimum Wage Laws, Fla. Stat. §448.110 and the Florida Constitution, Art. 10 § 24. On October 23, 2012, the jury returned a verdict in favor of the Plaintiff. The Plaintiff prevailed on all issues. The jury found willful overtime and minimum wage violations. Plaintiff also prevailed at the summary judgment level establishing that the individual Defendant is an FLSA employer. [D.E. 75]; [D.E. 112].

Defendants heavily contested liability. Defendants argued that the Court lacked jurisdiction because the corporate Defendant was not an enterprise engaged in commerce. Plaintiff argued that MI COLOMBIA BAKERY, INC. was an enterprise engaged in commerce because it failed to report all of its cash sales to the I.R.S. and it failed to deposit all of its cash into its bank account. Plaintiff further argued that the cash that the restaurant received from customers was used to pay employees, and these employee's wages were not reported to the I.R.S. or the Florida Department of Revenue (i.e., UCT-6). Additionally, Plaintiff alleged that MI COLOMBIA BAKERY, INC. was part of a joint enterprise with other Los Perros entities[1] whose sales exceeded $500,000.00 per year.

The bulk of Plaintiff's attorneys' fees entailed pursuing discovery on enterprise coverage which Defendants contumaciously denied, and follow-up discovery motions for Defendants' willful non-compliance. The Court ultimately deemed matters established for enterprise coverage due to Defendants' willful non-compliance, after entering several orders compelling discovery (which orders were disobeyed). [D.E. 101]. *Infra.*

Defendants unsuccessfully argued that Plaintiff was an independent contractor and not an employee. The jury found that Plaintiff was an employee of the Defendants and was entitled to overtime and minimum wages. [D.E. 112]. Defendants unsuccessfully argued that Plaintiff was properly compensated through the use of both a tip credit and a service charge. The jury found violations of minimum and overtime wage violations. [D.E. 112].

The award of attorney's fees to a prevailing FLSA plaintiff is mandatory. *Kreager v. Solomon & Flanagan P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (citing *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 416 n. 5, 98 S.Ct. 694, 697 n. 5, 54 L.Ed. 648). A prevailing

---

[1] Perception Enterprises, d/b/a Los Perros, Los Perros Headquarters, Los Perros, Inc., Los Perros Sunny Isles and LP Miami Beach, Inc., d/b/a Los Perros.

2

plaintiff means a Plaintiff that has obtained a judgment, regardless of the size of the award. 29 U.S.C. § 216(b); *Morillo v. Vizcarrondo*, 2008 WL 2756524, *2 (M.D.Fla., 2008).

### B. Fees pursuant to Court Order Adopting Report and Recommendation and Granting Plaintiff's Motion for Default [D.E. 107]

Plaintiff served discovery targeting Defendants' defense of enterprise coverage and unrelated business activity to other Los Perros entities. Defendants failed to provide complete responses to the discovery.[2] Plaintiff first appeared before the Court on July 5, 2012, where Defendants were ordered to provide better responses. Plaintiff next appeared on a Motion to Compel before the Court on August 15, 2012 (the second discovery hearing). [D.E. 49]. During the August 15, 2012 hearing, the Court determined that Defendants had provided the untimely and incomplete disclosure and ordered Defendants a second time to provide better discovery responses on or before August 23, 2012. [D.E.76].

On August 24, 2012, the Court held a prejudice hearing on the untimely discovery disclosures (the third discovery hearing). At the August 24, 2012 hearing, the Court found Plaintiff was prejudiced by the untimely disclosures and permitted Plaintiff to conduct discovery beyond the discovery deadline to remedy the prejudice. Plaintiff re-deposed the Defendants and the related Los Perros entities, and subpoenaed Defendants vendors with the goal of establishing

---

[2] For Example, Defendants contested the $500,000.00 prong of enterprise coverage. Plaintiff conducted discovery on Defendants' financial records. Defendants provided bank statements for the main bank account from 2008 through May 2011. However, Defendants failed to provide bank statements for the main account from June 2011 through December 2011. Additionally, Defendants failed to provide bank statements for two additional accounts. Defendants failed to provide signatory pages for the bank accounts of MI COLOMBIA BAKERY, INC. and the related Los Perros entities. HOYOS failed to provide bank statements for Los Perros Sunny Isles, LLC, although he appeared as a signatory on the account.

Records from vendors indicated that Lozano was opening the vendor accounts for Mi Colombia Bakery, Inc. and third party Los Perros entities, contradicting Lozano and HOYOS' testimony that Lozano was not involved with Defendant, MI COLOMBIA BAKERY, INC. (or Los Perros Sunny Isles).

3

enterprise coverage. The additional discovery indicated Defendants had withheld discovery documents in an attempt to thwart Plaintiff's ability to establish enterprise coverage.

Plaintiff filed a Motion for Contempt against Defendants alleging such attempts to thwart. [D.E. 91]. The Court granted Plaintiff's Motion for Contempt. [D.E. 101]. Plaintiff had sought attorney's fees and costs in relation to the Motion for Contempt. The Court denied Plaintiff's requests for fees and costs based on that *"Plaintiff would be able to recover its entire fees on these sanctions issues if it prevails at trial."* [D.E. 101].

### C.   The Amount of the Award

In determining an appropriate award of attorney's fees under the FLSA the seminal case is *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), in which the Fifth Circuit set forth various criteria, consistent with the ABA guidelines, to be considered by District Courts in calculating fee awards. *Id.* at 717-19. Previously, the District Courts first determined loadstar (i.e., the total number of hours reasonably expended on the case multiplied by a reasonable hourly-rate) and then used discretion based on the *Johnson* factors to set a multiplier to adjust or enhance the lodestar.

The judicial approach to this issue has changed, particularly since the Supreme Court's decision in *Pennsylvania v. Delaware Valley*, 483 U.S. 711 (1987) (the hourly-rate used to compute the lodestar for fees under the Clean Air Act should be based upon rather than enhanced or multiplied by some of the *Johnson* factors.) Accordingly, District Courts awarding attorney's fees under the FLSA, including the 11th Circuit and the courts of this District, eschew the multiplier approach and use some of the *Johnson* factors to set an appropriate hourly rate for calculation of the lodestar. See *Cullens v. Georgia Dept. of Transportation*, 29 F.3d 1489, 1494 (11th Cir. 1994); *York v. Alabama State Bd. of Educ.*, 631 F.Supp. 78, 84 (M.D. Ala. 1986).

The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly-rate. Adjustments to that fee may then be made as necessary in the particular case. *Blum v. Stenton*, 465 U.S. 886, 888 (1984); *Kreager v. Solomon & Flannagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985); *Hendrick v. Hercules, Inc.*, 658 F.2d 1088 (5th Cir. 1981).

### D. The Number of Hours Reasonably Expended in the Case

Attached to this Motion are the hourly billing records for the law firm involved in bringing Plaintiff's FLSA claims. See Affidavit of Eddy O. Marban, Esq. and Isaac Mamane, Esq. (Exhibit A). Sworn testimony by counsel that the hours were spent in litigating this case is evidence of considerable weight of the time required and it must appear the time is obviously and convincingly excessive to reduce the hours. See *Perkins v. Mobile Housing Auth.*, 847 F.2d 735, 738 (11th Cir. 1988).

In this case, as evidenced by the attached Exhibit A, the minimum total number of hours expended by Plaintiff's counsels prosecuting Plaintiff's claims against Defendants is as follows:

| | |
|---|---|
| Eddy O. Marban, Esq. | 172.08 hours |
| Isaac Mamane, Esq. | 157.60 hours |
| Elisbet Aranda, Legal Assistant | 12.00 hours |

In addition, in FLSA cases, plaintiff's counsel are entitled to attorney's fees for time spent litigating an attorney's fee award. See *Jones v. Stack*, 758 F.2d 567, 567 (11th Cir. 1985). In this case, as evidenced by Exhibit A, Plaintiffs' counsels expended 3.20 hours in bringing this Motion against Defendants.

5

### E.     Reasonable Hourly-Rate

In public enforcement cases, such as the FLSA, Congress encourages the filing of meritorious claims by providing for the recovery of reasonable attorney's fees. Plaintiff attorneys in such cases should recover from defendants a reasonable sum that accounts for the skill and time required to handle the case. *Silva v. Miller*, 547 F.Supp. 2d 1299, 1304-5 (S.D. Fla. 2008).

Fee awards are to be calculated based on the prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Rowe*, 1150.[3] Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Hensley v. Eckhart*, 461 U.S. 424, 439 n. 15 (1983)); see also *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988).

Plaintiff's counsel, Edilberto O. Marban, is a sole practitioner who has practiced law for 28 years. The bulk of his practice (99%) is employment litigation. Mr. Marban has litigated literally hundreds of FLSA cases (the vast majority of those cases were settled). The prevailing rate for counsel with Mr. Marban's experience, in the Southern District of Florida, is $400.00.

In *Parnes v. Piazza Benvenuto Ristorante, Inc.*, 2009 WL 1117362 (S.D.Fla. April 2009), a Southern District of Florida FLSA case, plaintiff's counsel, Donald McCoy, was awarded $350.00 per hour. Mr. McCoy was licensed in 1991 (Exhibit B), while the undersigned counsel was licensed in 1984, a seven-year difference. Similarly, on August 27, 2009, in another

---

[3] According to the 11th Circuit, the most important *Johnson* factor to be considered when setting the rate of pay for calculation of the lodestar is the "going rate" in the community, which is defined to mean "[a] reasonable hourly rate... in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation." *Martin v. Univ. of Ala.*, 911 F.2d 604, 610 (11th Cir. 1990); *Reynolds v. Alabama Dept. of Transp.*, 926 F.Supp. 1448, 1457 (M.D. Ala. 1995).

6

Southern District decision, William Amlong, who was licensed in 1985 (Exhibit C), *a year after* Mr. Marban, was granted attorney's fees at the rate of $400.00 an hour. *Williams v. R.W. Cannon, Inc.*, 2009 WL 2834952 (S.D.Fla.,2009). As for other lawyers, in *Powell v. Carey Intern., Inc.*, 547 F.Supp.2d 1281, 1293 (S.D.Fla.,2008), the Southern District noted that the customary rate for attorneys in the Southern District, such as Harry Boreth and Lloyd Glasser, in FLSA cases, is $450.00 an hour. *Id.*

The undersigned was awarded $350.00 per hour by the Honorable James Lawrence King, in the Southern District of Florida. *see Rogelio Alvarado, et al. vs. Leonardo De Armas*, Case No. 04-21364-CIV-KING/O'SULLIVAN. More recently, in 2010, Mr. Marban was awarded $350.00 per hour in *Galdames, et al. v. N&D Investments Corp., et al.* Case No. 08-20472-COOKE/BANDSTRA, which award was affirmed by the Eleventh Circuit in *Galdames v. N & D Inv. Corp.*, 432 Fed. Appx. 801 (11th Cir. 2011) *cert. denied,* 132 S. Ct. 1558 (U.S. 2012).

Based on the above and his Affidavit, Plaintiff's counsel submits that the prevailing rate in the community for an attorney of Mr. Marban's experience is at least $400.00 per hour.[5]

In the instant case, Mr. Marban requests the hourly-rate of $400.00 per hour. Ms. Langbein's Affidavit evidences that a reasonable rate for Plaintiff's counsel in this case is $400.00 an hour. The Affidavit of Leslie Langbein, Esq., a Board Certified Labor and Employment lawyer is attached hereto. (Exhibit D).

Plaintiff's counsel, Isaac Mamane, Esq., has practiced law for 5 years. The bulk of his practice (99%) is employment litigation. Mr. Mamane has litigated hundreds of FLSA cases (the vast majority of those cases being settled).

---

[5]In *Powell v. Carey Intern., Inc.*, 547 F.Supp.2d 1281, 1293 (S.D.Fla.,2008), it was stated: *"The Court does not question that the range of customary rates for lawyers with the years of experience of Boreth and Glasser includes the rate of $450."*

7

Mr. Mamane has successfully participated and tried three cases this year, resulting in successful verdicts, and as of this time, one judgment in favor of his clients. Mr. Mamane tried his first case styled, *Laura Corbo v. Zuperpollo, et al.*, filed in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 10-35250 CA 23, tried on May 23, 2012. Plaintiff Corbo received her entire claim of minimum and overtime wages, totaling $87,566.78, not including attorney's fees and costs incurred in the case.

In the second case styled, *Miller Blanco, et al. v. Biscayne Wine Group, LLC, et. al.*, filed in the United States District Court, in the Southern District of Florida, Case No. 11-23998-BANDSTRA, Mr. Mamane conducted the direct examination of four out of six Plaintiffs. All four Plaintiffs examined by Mr. Mamane received verdicts for violations of overtime and/or minimum wage pay.[3]

The present case before the Court is the third case tried by Mr. Mamane. Mr. Mamane conducted the direct examination of the Plaintiff. The Affidavit of Leslie Langbein, Esq. establishes that a reasonable hourly-rate for Mr. Mamane is $250.00 per hour. (Exhibit D).

Lastly, a total of 12.00 hours is requested by the Paralegal for the firm for the work performed in this case at a rate of $100.00 per hour.

## II. TERMS OF FEE AGREEMENT

Plaintiff entered into a contingent fee agreement with counsel, in which counsel will be paid 40% of any recovery to Plaintiff from Defendants, or the greater amount of attorneys' fees awarded by the Court or agreed to by the parties.

---

[3] Including one Plaintiff receiving a jury award greater than the amount she was seeking.

## CONCLUSION

Based upon the above, counsel for Plaintiff requests that the Court enter a final judgment for attorneys' fees in the total amount of $109,432.00.[4]

WHEREFORE, Plaintiff prays that the Court enter an Order assessing reasonable attorneys' fees incurred in this action, together with any and all other relief as the Court deems just and proper.

## CERTIFICATION

Counsel for Plaintiff certifies that he has fully reviewed the time records and supporting data and that the instant Motion is well-grounded in fact and justified.

## CERTIFICATE OF COMPLIANCE

Counsel for Plaintiff hereby certifies that he has conferred with opposing counsel prior to filing this motion. Plaintiff has been unable to resolve by agreement the instant Motion.

_____
EDDY O. MARBAN, ESQ.

STATE OF FLORIDA        )
                        )
COUNTY OF MIAMI-DADE    )

The foregoing instrument was acknowledged before me on 21st day of December, 2012, by EDDY O. MARBAN, who is personally known to me and who did take an oath.

_____
NOTARY PUBLIC,
State of Florida at Large

(SEAL)

MONICA VALENZUELA
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE100400
Expires 5/12/2016

---

[4] Plaintiff has separately filed a Motion for Costs [D.E. 125].
9

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via transmission of Notices of Electronic Filing generated by CM/ECF, to Gary A. Costales, Esq. of Gary A. Costales, P.A., 1200 Brickell Avenue, Suite 1230, Miami, Florida 33131, on 21st this day of December, 2012.

                                            THE LAW OFFICES OF
                                            EDDY O. MARBAN
                                            1600 Ponce De Leon Boulevard, Suite 902
                                            Coral Gables, Florida 33134
                                            Telephone (305) 448-9292
                                            Facsimile (305) 448-9477
                                            E-mail: marbanlaw@gmail.com

                                            By:   *s/Edilberto O. Marban*
                                                  EDDY O. MARBAN, ESQ.
                                                  Fl. Bar No. 435960